UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY RUGGIERO, | ) | Case No.: 1:05 CV 1034 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN J. KAVLICH, M.D., *et al.,* | ) | |
| | ) | |
| Defendants | ) | <u>ORDER OF REMAND</u> |

Plaintiff Anthony Ruggiero ("Ruggiero" or "Plaintiff") filed the instant action in the Cuyahoga County Court of Common Pleas against John J. Kavlich, M.D. ("Kavlich"), Mark Fusco ("Fusco"), and the law firm Wargo and Wargo Co., L.P.A. ("Wargo") (together, "Defendants"). The Complaint raised state law claims of abuse of process and malice, and federal claims for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* ("FCRA"). Defendants Fusco and Wargo removed the case to federal court, with the consent of co-defendant Kavlich, and filed a motion to dismiss all claims (ECF No. 3). For the reasons stated below, the Motion to Dismiss Counts 5 and 6, the FCRA claims are dismissed in respect to all Defendants pursuant to Fed. R. Civ. P.12(b)(6) for failure to state a claim upon which relief can be granted. The court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3), and remands them to the Cuyahoga County Court of Common Pleas.

## I. FACTS

This case arises out of an unsuccessful state court lawsuit filed by Kavlich against Ruggiero, in which Kavlich was represented by attorney Fusco of the law firm Wargo and Wargo. Kavlich, a doctor, sued to collect unpaid medical fees from Ruggiero. Ruggiero's defense was that he had submitted Medicare information to pay for the treatment. During discovery, Ruggiero learned that Kavlich had received payment from Medicare. Ruggiero asserts that Kavlich then attempted to improperly return payments to Medicare so that he could continue his suit against Ruggiero. After a trial before a magistrate judge, the court dismissed the case against Ruggiero.

Ruggiero now asserts that Defendants abused the legal process, without any basis, to damage his reputation and credit worthiness and collect payment they were not entitled to. Ruggiero also asserts that Defendants have failed to remove all references to the litigation from his credit report, in violation of the FCRA.

## II. DISMISSAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows the court to determine the legal sufficiency of a plaintiff's claims. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Courts reviewing a 12(b)(6) motion must accept the well-pled factual allegations of the complaint as true and construe all reasonable inferences in favor of the plaintiff. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the court is not required to accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 123 (6th Cir. 1971). Accordingly, a court must determine "whether the plaintiff undoubtedly can prove no set of facts in support of [his] claim that would entitle [him] to relief" under a viable legal theory advanced in the complaint.

*Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995), *cert. denied*, 116 S. Ct. 1041 (1996).

### III. LAW AND ANALYSIS

### A. FCRA Claim

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., regulates credit reports, provides guidelines for credit reporting agencies and entities that furnish consumer information to credit reporting agencies, and provides protections for consumers. *See* 15 U.S.C. § 1681(a). The law covers three main actors: (1) credit reporting agencies; (2) users of consumer reports; and (3) furnishers of information to credit reporting agencies. *E.g., Carney v. Experian Info. Solutions, Inc.,* 57 F. Supp. 2d 496, 500 (W.D. Tenn. 1999). In this case, Defendants do not fall under the definition of a credit reporting agency; they do not "furnish[] consumer reports to third parties." 15 U.S.C. § 1681a(f). If they fall into any category at all, Defendants are furnishers of information to credit reporting agencies.[1]

The FCRA imposes two broad duties on entities that furnish information to a credit reporting agency: (1) a duty to provide accurate information, § 1681s-2(a); and (2) a duty to undertake an investigation upon receipt of notice of dispute from a consumer reporting agency, § 1681s-2(b). Plaintiff fail to state a claim for a violation of either duty.

---

[1] There is no allegation in the Complaint that Defendants furnished any information to any credit reporting agency; merely that they failed to remove any reference to litigation from Ruggiero's credit report. Defendants contend that a lawsuit is publicly available information, and imply that this alone is enough to demonstrate they are not subject to the FCRA in this case. While the court is inclined to agree, it nonetheless proceeds with the analysis.

With respect to the duty to provide accurate information, there is no private cause of action for consumers against furnishers of information. *E.g., Carney*, 57 F.Supp.2d at 502. Enforcement of the duty to provide accurate information is expressly limited by the statute to specific federal agencies and officials. 15 U.S.C. § 1681s-2(d). Therefore, Plaintiff may not sue Defendants for allegedly furnishing inaccurate information.

With respect to the duty under § 1681s-2(b) to undertake an investigation, there is some dispute among courts as to whether the FCRA creates a private cause of action for a consumer against a furnisher of credit information. *Compare Carney*, 57 F.Supp.2d at 502 (individual consumer cannot state a claim, only a consumer reporting agency can) *with Nelson v. Chase Manhattan Mortg. Co.*, 282 F.3d 1057, 1060 (9th Cir. 2002) (individual consumer can state a claim). Assuming, without deciding, that a consumer may state a claim under § 1681s-2(b), Plaintiff fails to state a claim in this case. The Sixth Circuit has interpreted the FCRA as follows:

> If it is assumed that a private right of action exists under § 1681s-2(b), the plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed

*Downs v. Clayton Homes, Inc.*, 88 Fed. Appx. 851, 854 (6th Cir. 2004). In this case, there was no allegation in the Complaint that Plaintiff gave notice that he disputed any information on his credit report to a consumer reporting agency or to Defendants. There is no allegation that a consumer reporting agency notified the Defendants of a dispute that would trigger the duty to undertake an investigation. Therefore, even if there were a private cause of action under § 1681s-2(b), the current facts fail to state a claim.

Accordingly, Plaintiff has failed to state a claim under the FCRA, and the FCRA claims are dismissed.

### B. State Law Claims and Preemption

Defendants urge this court to dismiss Plaintiff's remaining state law claims as well, arguing that they are preempted by the FCRA, and that alternatively, Plaintiff has failed to state a claim under Ohio law. The court concludes that there is no preemption. Plaintiff's state law causes of action do not relate to Defendants' actions or inactions as a furnisher of credit information. Rather, the abuse of process claim is related to Defendants' alleged conduct during the previous state court litigation. Accordingly, there is no preemption.

As there is no remaining federal claims, the court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), and remands the remaining state law claims to state court.

### IV. CONCLUSION

For the foregoing reasons, Defendants Fusco and Wargo's Motion to Dismiss (ECF No. 3) is granted as to the federal FCRA claims. The court exercises its discretion to remand the remaining claims, to the extent they are based on underlying violations of state law.

IT IS SO ORDERED.

/s/SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

June 30, 2005